| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARIZONA, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF FLORIDA, STATE OF HAWAII, STATE OF IOWA, STATE OF MARYLAND, STATE OF MINNESOTA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF OHIO, COMMONWEALTH OF PENNSYLVANIA, STATE OF TEXAS, STATE OF UTAH, STATE OF VERMONT, and STATE OF WISCONSIN, | Civil Action 5:26-cv-04060-LTS |
| *Plaintiffs,* | |
| v. | |
| CAL-MAINE FOODS, INC., CENTRUM VALLEY HOLDINGS, LLC, VERSOVA HOLDINGS, LLC, VERSOVA MANAGEMENT COOPERATIVE, AND HICKMAN'S EGG RANCH, INC., | |
| *Defendants.* | |

## STIPULATION AND ORDER

It is hereby stipulated by and between the undersigned parties, subject to approval and entry by the Court, as follows.

### I.      DEFINITION

"Settling States" means the States of New York, Arizona, California, Colorado, Connecticut, Florida, Hawaii, Iowa, Maryland, Minnesota, North Carolina, Ohio, Pennsylvania, Texas, Utah, Vermont, and Wisconsin.

## II.    JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over the parties to it. Venue for this action is proper in the United States District Court for the Northern District of Iowa.

## III.    COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A.    The proposed Final Judgment filed with this Stipulation and Order, or any amended proposed Final Judgment agreed upon in writing by the United States, Plaintiff States, and Defendant Cal-Maine Foods, Inc. ("Cal-Maine"), may be filed with and entered by the Court as the Final Judgment, upon the motion of the United States or upon the Court's own motion, after compliance with the requirements of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, and without further notice to any party or any other proceeding, as long as the United States has not withdrawn its consent. The United States may withdraw its consent at any time before the entry of the Final Judgment by serving notice on Cal-Maine and by filing that notice with the Court.

B.    From the date of the signing of this Stipulation and Order by Cal-Maine until the Final Judgment is entered by the Court, or until expiration of time for all appeals of any ruling declining entry of the proposed Final Judgment, Cal-Maine will comply with all of the terms and provisions of the proposed Final Judgment.

C.    From the date on which the Court enters this Stipulation and Order, the United States and Plaintiff States will have the full rights and enforcement powers set forth in the proposed Final Judgment as if the proposed Final Judgment were in full force and effect as a final order of the Court, and Section XI of the proposed Final Judgment will also apply to violations of this Stipulation and Order.

2

D. Cal-Maine agrees to arrange, at its expense, publication of the newspaper notice required by the APPA, which will be drafted by the United States in its sole discretion. The publication must be arranged as quickly as possible and, in any event, no later than three business days after Cal-Maine's receipt of (1) the text of the notice from the United States and (2) the identity of the newspaper or newspapers within which the publication must be made. Cal-Maine must promptly send to the United States (1) confirmation that publication of the newspaper notices has been arranged and (2) the certification of the publication prepared by the newspaper or newspapers within which the notice was published.

E. Any person who wishes to submit to the United States written comments regarding the proposed Final Judgment should do so within 60 calendar days beginning with the first day of the publication of the newspaper notice required by APPA or the publication of the proposed Final Judgment and the Competitive Impact Statement in the Federal Register as required by APPA, whichever is later.

F. This Stipulation and Order applies with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the United States, Plaintiff States, and Cal-Maine and filed with the Court.

G. Cal-Maine represents that the actions it is required to perform pursuant to the proposed Final Judgment can and will be performed and that Cal-Maine will not later raise a claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any provision of the proposed Final Judgment or this Stipulation and Order.

H. This Stipulation and Order, including the proposed Final Judgment filed with this Stipulation and Order or any amended proposed Final Judgment agreed upon in writing by the United States, Plaintiff States, and Cal-Maine, constitutes the final, complete, and exclusive

3

agreement and understanding between the United States, Plaintiff States, and Cal-Maine with respect to the settlement of the claims expressly stated in the Complaint filed in this above-captioned case, and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.

## IV.    RELEASE – SETTLING STATES

Cal-Maine is hereby fully and finally discharged and released from any antitrust claims under the laws of the Settling States arising from the facts alleged in the Complaint.

## V.    RESERVATION OF RIGHTS – SETTLING STATES

Nothing in this Stipulation will be construed to waive or limit any private right of action or any damages claim brought by third parties, including local and state government agencies, or citizens of the Settling States, whether directly or as a class action.

## VI.    SETTLING STATE DONATION RELIEF

A.    As part of the injunctive relief as to the Settling States, Defendant will provide or cause to be provided thirty (30) million eggs to food banks or related non-profits (the "Donee Organizations") located in the Settling States (the "Egg Donations").

B.    Defendant will apportion the Egg Donations among the Settling States consistent with written instructions provided by the Settling States no later than 30 days following the filing of the Proposed Final Judgment. States will make best efforts to begin providing written instructions as soon as possible following the filing of the Proposed Final Judgment. Defendant will cooperate with the Settling States in good faith to determine the Donee Organizations and the quantities to be donated to each organization. Defendant and Settling States agree to meet and confer in good faith to identify the states in which Defendant's Egg Donations will be apportioned taking into account the states to which Defendant currently serves.

4

C. The Parties agree to meet and confer in good faith following the filing of the Judgment to determine appropriate delivery quantities and schedules, taking into account Cal-Maine's overall business needs and the logistical considerations associated with fulfilling the donation obligations. Cal-Maine will deliver or cause to be delivered Eggs in full trailer load quantities to a single reception point for each delivery and will work with each Donee Organization and regulatory authorities in good faith to ensure an efficient and compliant process. Eggs provided in the Egg Donations must be unspoiled, non-expired, and non-damaged Large brown and/or white Grade A eggs, with at least 20-day shelf life, and must be at least of a quality identical to that of eggs sold by Defendant to its grocery store customers. Cal-Maine will work with the Donee Organization to ensure the packaging is reasonably acceptable.

D. All eggs provided by Defendant to Donee Organizations shall conform to all state and local regulatory requirements, including enclosure and certification standards, applicable in the jurisdiction of the Donee Organization. This includes, without limitation, compliance with California Proposition 12 (Cal. Code Regs. Tit. 3, §§ 1320–1327.3) for Donee Organizations in California and Colorado's cage-free egg requirements (C.R.S. §§ 35-21-201 et seq.) for Donee Organizations in Colorado.

E. Any charitable egg distributions, including donations to food banks in the Settling States, planned by Defendant prior to the Effective Date of the Final Judgment will not count toward satisfying the volume of Egg Donations required by this Stipulation. Additionally, previous donations will not count toward satisfying the volume of Egg Donations required by this Stipulation.

F. In completing the Egg Donations, Defendant will comply with all applicable state and federal regulations concerning food and egg safety, sanitation, transportation, packaging,

5

refrigeration, sales, and donations, including but not limited to the Egg Safety Final Rule, 21 CFR Part 118.

G.    A Settling State or Donee Organization may, in its sole discretion, refuse a delivery if it reasonably determines that the delivery does not comply with Section VI.C or Section VI.D of this Stipulation. In the event a Settling State or Donee Organization refuses delivery because it does not comply with Section VI.C or Section VI.D, Defendant will be responsible for all costs associated with regaining possession of and disposing of the eggs at issue, and will be obligated to make a replacement delivery to the Donee Organization in compliance with the terms of this Section.

H.    Defendant will complete the Egg Donations at Defendant's expense. Defendant will not charge the Settling States or the Donee Organizations any price or fee, including any shipping, freight, handling, delivery, or service fees for the packaging, storage, shipment, or for any other task or cost associated with the Egg Donations.

I.    Defendant will complete the Egg Donations by October 16, 2026 (the "Donation Deadline"), provided that the Donee Organizations can reasonably process the donations in that timeframe. Defendant may make the Egg Donations incrementally, provided that Defendant delivers the full quantity of Eggs required under this Section by the Donation Deadline.

J.    Defendant is obligated to coordinate with each Donee Organization as to the logistics of the Egg Donations, to ensure adequate storage, delivery, packaging, and capacity are available. Defendant will make deliveries to the Donee Organizations on dates and times that are acceptable and reasonably convenient for the Donee Organizations.

K.    Upon 21 days' written notice to Defendant, any Donee Organization may redirect its allocated Egg Donations (in whole, not in part) to another reasonably convenient nonprofit

6

entity located within 100 miles of the original Donee Organization. In the event a Donee Organization provides notice under this Section VI.K, Defendant will deliver to the new recipient in accordance with this Section.

L. Every 30 days, beginning from the filing of the Proposed Final Judgment and until the Egg Donations are completed, Defendant will provide the Settling States with a summary of the progress of the Egg Donations. This summary must include, for each donation, the date of the donation, the number of eggs included, and the identity of the recipient Donee Organization. Additionally, to the extent practicable, the summary will also include a schedule of planned deliveries to Donee Organizations.

M. Defendant must provide a written certification to the Settling States upon completion of the Egg Donations. This certification must include, for each donation, the date of the donation, the number of eggs included, and the identity of the Donee Organization.

N. In the event Defendant believes that it will be unable to complete the Egg Donations by the Donation Deadline due to unforeseen financial or operational difficulties, acts of God or nature, or due to the operational capacities of any of the Donee Organizations, Defendant must provide written notice of its potential failure to comply to the Settling States before the Donation Deadline, and as soon as it becomes reasonably practical to Defendant. Such notice shall include information and documents sufficient to substantiate Defendant's claimed inability to complete the Egg Donations by the Donation Deadline. After Defendant has provided notice and has cooperated with any requests by the Settling States for additional information or documents, Defendant and the Settling States will negotiate in good faith as to whether to reasonably extend the Donation Deadline by written mutual agreement such that the full Egg Donation amounts are satisfied.

7

## VII.  MONETARY PAYMENT TO THE SETTLING STATES

A.  Defendant will pay to the Settling States a Monetary Payment in the amount of $1,500,000 (one and a half million dollars) before the later of (i) thirty (30) days after the filing of the Proposed Final Judgment or (ii) ten (10) days after receiving complete wire instructions and any related verifications from New York. Such payment will be made via electronic deposit to New York, which shall distribute the funds to the Settling States. Such Monetary Payment is provided for the purposes of settlement only and shall be apportioned among the Settling States at the sole discretion of the Settling States as may be agreed upon among them, and Defendant shall have no responsibility for or influence with respect to that allocation. This payment is not a penalty.

B.  The Monetary Payment may be used for any purpose the Attorneys General of the Settling States deem, in their sole discretion, to be appropriate, consistent with, or required by, the various states' laws, including but not limited to:

i.  antitrust or consumer protection law enforcement, including attorney fees and expenses;

ii.  for deposit into a state antitrust or consumer protection account (e.g., revolving account, trust account), for use in accordance with the state laws governing that account; or,

iii.  for deposit into a fund exclusively dedicated to assisting state attorneys general to enforce the antitrust laws by defraying the costs of a) experts, economists, and consultants in multistate antitrust investigations and litigation, b) training or continuing education in antitrust for attorneys in

8

state attorney general offices, or c) information management systems used in multistate antitrust investigations and litigation.

## VIII.  DURATION OF OBLIGATIONS

In the event that (1) the United States has withdrawn its consent, as provided in Paragraph III.A of this Stipulation and Order; (2) the United States and Plaintiff States voluntarily dismiss the Complaint in this matter; or (3) the Court declines to enter the proposed Final Judgment, the time has expired for all appeals of any ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, Cal-Maine is released from all further obligations under this Stipulation and Order, and the making of this Stipulation and Order will be without prejudice to any party in this or any other proceeding.

Dated: June 29, 2026

Respectfully submitted,

**FOR PLAINTIFF**
**UNITED STATES OF AMERICA:**

**FOR DEFENDANT**
**CAL-MAINE FOODS, INC:**

/s/ Jeffrey Vernon
JEFFREY VERNON
United States Department of Justice
Antitrust Division
450 Fifth St. NW, Suite 4000
Washington DC 20530
Telephone: 202-367-6424
Email: jeffrey.vernon@usdoj.gov

/s/ Leslie A. Shubert
LESLIE A. SHUBERT (pro hac vice
forthcoming)
COREY W. ROUSH (pro hac vice
forthcoming)
MARISA S. WEST (pro hac vice
forthcoming)
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: 202-736-8000
Email: lshubert@sidley.com

**FOR PLAINTIFF STATE OF NEW YORK:**

LETITIA JAMES
Attorney General

CHRISTOPHER D'ANGELO
Chief Deputy Attorney General,
Economic Justice Division

ELINOR R. HOFFMANN
(*pro hac vice* forthcoming)
Chief, Antitrust Bureau
Elinor.Hoffmann@ag.ny.gov

AMY MCFARLANE
(*pro hac vice* forthcoming)
Deputy Chief, Antitrust Bureau
Amy.McFarlane@ag.ny.gov

*/s/ Isabella Pitt*
ISABELLA PITT

10

(*pro hac vice* forthcoming)
Assistant Attorney General, Antitrust Bureau
Isabella.Pitt@ag.ny.gov

JAMES YOON
*(pro hac vice forthcoming)*
Assistant Attorney General, Antitrust Bureau
James.Yoon@ag.ny.gov

New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8436

*Attorneys for Plaintiff State of New York*


**FOR PLAINTIFF STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General

*/s/ Sarah M. Pelton*
SARAH M. PELTON (*pro hac vice* forthcoming)

Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Sarah.Pelton@azag.gov

*Attorney for Plaintiff State of Arizona*


**FOR PLAINTIFF STATE OF CALIFORNIA:**

ROB BONTA
Attorney General

*/s/ Michael Jorgenson*
MICHAEL JORGENSON (*Pro Hac Vice* Forthcoming)
Supervising Deputy Attorney General
PAUL CHANDER (*Pro Hac Vice* Forthcoming)
MATTHEW DELGADO (*Pro Hac Vice* Forthcoming)
Deputy Attorneys General

11

PAULA BLIZZARD (*Pro Hac Vice* Forthcoming)
Senior Assistant Attorney General

Office of the Attorney General
California Department of Justice
300 S. Spring St.
Los Angeles, California 90013
Telephone: (213) 269-6000
paul.chander@doj.ca.gov

*Attorneys for Plaintiff State of California*


**FOR PLAINTIFF STATE OF COLORADO:**

PHILIP J. WEISER
Attorney General

*/s/ Elizabeth W. Hereford*
ELIZABETH W. HEREFORD
Assistant Attorney General
*(pro hac vice forthcoming)*
BRYN A. WILLIAMS
First Assistant Attorney General
*(pro hac vice forthcoming)*

Colorado Department of Law
1300 Broadway, 9th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Elizabeth.Hereford@coag.gov
Bryn.Williams@coag.gov

*Attorneys for Plaintiff State of Colorado*


**FOR PLAINTIFF STATE OF CONNECTICUT:**

WILLIAM TONG
Attorney General

NICOLE DEMERS
Chief, Antitrust Section
Deputy Associate Attorney General

*/s/ Rose Levine*
ROSE LEVINE

12

(*pro hac vice* forthcoming)
AMY TAYLOR
(*pro hac vice* forthcoming)
Assistant Attorneys General

Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
Tel: (860) 808-5030
Fax: (860) 808-5391
Nicole.Demers@ct.gov
Rose.Levine@ct.gov
Amy.Taylor@ct.gov

*Attorneys for Plaintiff State of Connecticut*


**FOR PLAINTIFF STATE OF FLORIDA:**

JAMES UTHMEIER
Attorney General

JASON HILBORN
Deputy Attorney General for Civil Enforcement

LIZABETH BRADY
Director, Antitrust Division

*/s/ Colin G. Fraser*
COLIN G. FRASER
(*pro hac vice* forthcoming)
Senior Assistant Attorney General, Antitrust Division
colin.fraser@myfloridalegal.com

STEVEN J. ORBAN
(*pro hac vice* forthcoming)
Assistant Attorney General, Antitrust Division
steven.orban@myfloridalegal.com

Florida Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050
(850) 414-3300

*Attorneys for Plaintiff State of Florida*

13

**FOR PLAINTIFF STATE OF HAWAII:**

ANNE E. LOPEZ
Attorney General

CHRISTOPHER J.I. LEONG
(*pro hac vice* forthcoming)
Supervising Deputy Attorney General
Commerce and Economic Development Division
christopher.ji.leong@hawaii.gov

*/s/ Rodney I. Kimura*
RODNEY I. KIMURA
(*pro hac vice* forthcoming)
Deputy Attorney General
rodney.i.kimura@hawaii.gov

Department of the Attorney General
425 Queen Street
Honolulu, Hawaii 96813
(808) 586-1180

*Attorneys for Plaintiff State of Hawaii*


**FOR PLAINTIFF STATE OF IOWA:**

BRENNA BIRD
Attorney General

*/s/ Noah Goerlitz*
NOAH GOERLITZ
Assistant Attorney General

Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Tel: (515) 725-1018
noah.goerlitz@ag.iowa.gov

*Attorneys for Plaintiff State of Iowa*

14

**FOR PLAINTIFF STATE OF MARYLAND:**

ANTHONY G. BROWN
Attorney General

*/s/ Schonette J. Walker*
SCHONETTE J. WALKER
(*pro hac vice* forthcoming)
Chief, Antitrust Division
swalker@oag.maryland.gov

JONATHAN DE JONG
(*pro hac vice* forthcoming)
Assistant Attorney General, Antitrust Division
jdejong@oag.maryland.gov

Maryland Office of the Attorney General
200 Saint Paul Place, 19th Floor
Baltimore, Maryland 21202
(410) 576-6470

*Attorneys for Plaintiff State of Maryland*


**FOR PLAINTIFF STATE OF MINNESOTA:**

KEITH ELLISON
Attorney General

*/s/ Jon M. Woodruff*
JON M. WOODRUFF
(*pro hac vice* forthcoming)
Assistant Attorney General
jon.woodruff@ag.state.mn.us

Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
(651) 300-7425

*Attorneys for Plaintiff State of Minnesota*

15

**FOR PLAINTIFF STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General

KUNAL J. CHOKSI
Senior Deputy Attorney General

*/s/ Charles White*
CHARLES G. WHITE
(*pro hac vice* forthcoming)
Assistant Attorney General

North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Tel: 919-716-6000
Facsimile: (919) 716-6050
Email: cwhite@ncdoj.gov

*Attorneys for Plaintiff State of North Carolina*


**FOR PLAINTIFF STATE OF OHIO:**

D. ANDREW WILSON
Attorney General

ERIK J. CLARK
Deputy Attorney General

BETH A. FINNERTY
Section Chief, Antitrust Section

EDWARD J. OLSZEWSKI
Assistant Section Chief, Antitrust Section

*/s/ Steven A. Oldham*
STEVEN A. OLDHAM
(*pro hac vice* forthcoming)
Principal Assistant Attorney General
Steven.Oldham@OhioAGO.gov

THOMAS W. ALLEN
(*pro hac vice* forthcoming)
Assistant Attorney General

16

Thomas.Allen@OhioAGO.gov

Office of the Ohio Attorney General
Antitrust Section
30 East Broad Street, 26th Floor
Columbus, OH 43215
(614) 466-4328

*Attorneys for the Plaintiff State of Ohio*


**FOR PLAINTIFF COMMONWEALTH OF PENNSYLVANIA:**

DAVID W. SUNDAY, JR.
Attorney General

SEAN KIRKPATRICK
Executive Deputy Attorney General
Public Protection Division

TRACY W. WERTZ
Chief Deputy Attorney General
Antitrust Section

*/s/ Jennifer J. Kirk*
JENNIFER J. KIRK
(*pro hac vice* forthcoming)
Senior Deputy Attorney General
Antitrust Section
jkirk@attorneygeneral.gov
(717) 497-5304

Commonwealth Of Pennsylvania Office of Attorney General
14th Floor, Strawberry Square
Harrisburg, PA 17120

*Attorneys for Plaintiff Commonwealth of Pennsylvania*


**FOR PLAINTIFF STATE OF TEXAS:**

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

17

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

THOMAS D. YORK.
Chief, Antitrust Division

*/s/ Cole Pritchett*
COLE PRITCHETT
Assistant Attorney General
(*pro hac vice* forthcoming)
cole.pritchett@oag.texas.gov

Office of the Attorney General
Antitrust Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4196

*Attorneys for Plaintiff State of Texas*


**FOR PLAINTIFF STATE OF UTAH:**

DEREK BROWN
Attorney General

DOUGLAS CRAPO
Deputy Attorney General,
Public Protection Department

*/s/ Marie W.L. Martin*
MARIE W.L. MARTIN
(*pro hac vice* forthcoming)
Division Director, Antitrust & Data Privacy Division
mwmartin@agutah.gov

Utah Office of the Attorney General
160 E, 300 S, 5th Floor
Salt Lake City, UT 84114-0830
(801) 366-0260

*Attorneys for Plaintiff State of Utah*

18

**FOR PLAINTIFF STATE OF VERMONT:**

CHARITY R. CLARK
Attorney General

*/s/Alexandra Spring*
Alexandra Spring
Assistant Attorney General
(*Pro hac vice* forthcoming)
109 State Street
Montpelier, VT 05609
Alexandra.Spring@vermont.gov
(802) 828-5529

*Attorneys for Plaintiff State of Vermont*


**FOR PLAINTIFF STATE OF WISCONSIN:**

JOSHUA KAUL
Attorney General

*/s/ Caitlin M. Madden*
CAITLIN MADDEN
(*pro hac vice* forthcoming)
Assistant Attorney General
caitlin.madden@wisdoj.gov

Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-1311

*Attorney for Plaintiff State of Wisconsin*

19

# **ORDER**

IT IS SO ORDERED by the Court, this __17th__ day of July, 2026.

_____
Leonard T. Strand, Judge
Northern District of Iowa

20